# EXHIBIT B

Filed          21-CI-00327     07/29/2021        Martha M. Miller, Clark Circuit Clerk

COMMONWEALTH OF KENTUCKY
CLARK CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

PAMELA DENING                                              PLAINTIFF

vs.                                      **COMPLAINT**

AETNA LIFE INSURANCE COMPANY                    DEFENDANT

**To be served through:**
CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY 40601

\*\*\* \*\*\* \*\*\* \*\*\*

Comes the Plaintiff, Pamela Dening, and for her Complaint against Defendant Aetna Life Insurance Company, states as follows:

1. Plaintiff Pamela Dening is a citizen and resident of Clark County, Kentucky.

2. Defendant Aetna Life Insurance Company ("Aetna") is an insurance company believed to be domiciled in the state of Connecticut, authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority. Aetna's statutory home office is located at 151 Farmington Avenue, Hartford, Connecticut 06156.

3. Aetna's service of process agent is CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, and may be served through the service of process agent.

4. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Clark County, Kentucky.

Filed          21-CI-00327     07/29/2021        Martha M. Miller, Clark Circuit Clerk

5. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Amazon, employed as a FC Associate I.

6. Amazon Corporate LLC established and provided a long-term disability plan ("Plan" or "LTD Plan") to its employees, which includes Plaintiff.

7. Plaintiff was covered and eligible under the Plan.

8. The disability policy defines disability and entitles Plaintiff to receive long-term disability benefits, if Plaintiff meets the following definition:

   **Test of Disability**

   From the date that you first become disabled and until monthly benefits are payable for 24 months you will be deemed to meet the test of disability on any day that:

   You cannot perform the **material duties** of your **own occupation** solely because of an **illness, injury** or disabling pregnancy-related condition; and
   Your work earnings are 80% or less of your **adjusted predisability earnings**.

   *After the first 24 months of your disability* that Monthly Benefits are payable, you meet the plan's test of disability on any day you are unable to work at any **reasonable occupation** solely because of an **illness, injury** or disabling pregnancy-related condition.

9. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the disability policy.

10. Plaintiff, while working for Amazon, became disabled under the terms of the disability policy, which disability arose after the Effective Date of the policy, and she was unable to return to work at Amazon since on or about November 21, 2016, and remains disabled under the terms of the disability policy.

11. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the disability policy. Plaintiff's disability claim number is believed to be 15429419 and the policy number is believed to be 866242-GI.

Filed          21-CI-00327         07/29/2021         Martha M. Miller, Clark Circuit Clerk

12. Prior to her long-term disability claim, Plaintiff received short-term disability benefits through exhaustion.

13. By letter dated September 1, 2017, Defendant approved Plaintiff's claim for long-term disability benefits.

14. By letter dated July 3, 2020, Defendant, through The Hartford, denied Plaintiff's claim for long-term disability benefits under the policy effective July 3, 2020.

15. On December 22, 2020, Plaintiff timely and properly appealed the denial of her long-term disability benefits, in the manner set forth in the applicable policy.

16. By letter dated June 11, 2021, Defendant upheld the denial of Plaintiff's claim for long-term disability benefits.

17. The June 11, 2021 letter states "no other action will be taken by" Defendant and Plaintiff "can file a lawsuit under Section 502(a) of a law called ERISA."

18. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy.

19. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

20. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

## COUNT I

21. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

22. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of benefits under the plan and to recover benefits under the terms of the plan.

Filed          21-CI-00327         07/29/2021         ³Martha M. Miller, Clark Circuit Clerk

23. Under the terms of the insurance policy, Plaintiff is entitled to continued monthly LTD benefits until the maximum benefit duration date in the policy.

24. The Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

25. Defendant's decision to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

26. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

27. Defendant employed doctors to review Plaintiff's claim and used these file review reports to support its denials of benefits. The doctors employed by Defendant did not examine or speak with Plaintiff.

28. Despite Defendant's authority to have Plaintiff examined under the terms of the policy, Defendant did not examine Plaintiff.

29. Defendant disregarded the objective medical evidence submitted by Plaintiff on appeal.

30. Defendant's review process lacked due process to Plaintiff.

31. Defendant's review process was biased in favor of Defendant.

32. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

33. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*